UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARRELL WAYNE HUGHES,

        Plaintiff,

    v.

UNITED STATES OF AMERICA,

        Defendant.

Case: 1:14-cv-02122
Assigned To : Unassigned
Assign. Date : 12/16/2014
Description: Pro Se Gen. Civil

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff, who is incarcerated at the Westville Correctional Facility in Westville, Indiana, *see* Compl. at 1, alleges that "all criminal act(s) subject to penalties of death are unconstitutional," *id.* at 5, and demands a court order to abolish all federal and state death penalties, *id.* at 9.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009). A party has standing for purposes of Article III if his claims "spring from an 'injury in fact' -- an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v.*



*Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  Here, the plaintiff does not show that he has suffered or stands to suffer any injury if a federal or state death penalty were to be imposed or enforced.  Because the plaintiff alleges only a hypothetical or conjectural injury, *see Lujan*, 504 U.S. at 560, he does not satisfy the "injury-in-fact" requirement of standing.  His complaint therefore must be dismissed for lack of subject matter jurisdiction.

An Order consistent with this Memorandum Opinion is issued separately.

DATE: 12/8/14

United States District Judge